HARDING, Senior Justice,
dissenting.
I concur with Justice Wells’ dissent. The majority does not answer the question that the district court certified to this court. Moreover, I would not extend the waiver of sovereign immunity beyond that which the Legislature has expressly granted.
In addition, the respondent never raised the equitable estoppel argument below and, in effect, is impermissibly raising a new argument, in the nature of an affirmative defense, for the first time before this court on appeal.[20] See Fla. R. Civ. P. 1.100(a) (stating when an answer contains an affirmative defense, the opposing party “shall” file a reply containing any avoidance of the defense); Fla. R. Civ. P. 1.110(d) (requiring affirmative defenses, including “estoppel” to be pled). All defenses not raised by motion or responsive pleading are waived and, therefore, respondent’s equitable estoppel claim has not been properly preserved. See Fla. R. Civ. P. 1.140(h) (stating all defenses not raised by motion or responsive pleading are waived).[21]
Furthermore, neither the trial court nor the district court has ever ruled upon the equitable estoppel issue and, therefore, this Court is also without jurisdiction to answer the question raised by the majority. In this case, the district court certified the following question:
*1111 CAN THE DOCTRINE OF FRAUDULENT CONCEALMENT APPLY TO TOLL THE STATUTE OF LIMITATIONS IN A NEGLIGENCE ACTION?
Without expressly rewording the certified question, however, this Court re-frames the issue from pertaining specifically to “fraudulent concealment” to that pertaining specifically to equitable estop-pel — an issue never raised in any of the pleadings, nor ever addressed by either the trial or the district court.
This is a court of limited jurisdiction. In Pirelli Armstrong Tire Corp. v. Jensen, 777 So.2d 973 (Fla.2001), we explained that our jurisdiction in certified question cases was limited to “any decision of a district court of appeal that passes upon a question certified by it to be of great public importance.” Id. at 974 (quoting art. V, § 3(b)(4), Fla. Const.) (emphasis added). Because neither the trial court nor the district court has ever passed upon the question of whether application of the doctrine of equitable estoppel extends the waiver of sovereign immunity beyond that which the Legislature has expressly granted, I would find that, under the reasoning expressed by this Court in Jensen, this Court is without jurisdiction to answer the question raised and addressed by the majority.

. The first time the equitable estoppel issue was raised is in the respondent’s answer brief to this Court.

. Petitioner's argument that the respondent’s claim is barred under the doctrine of sovereign immunity, though not addressed in the lower court’s decision, was properly raised in petitioner's second amended motion to dismiss the respondent’s amended complaint. See Record on Appeal at 127.